UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALTON MCDONALD,

        Plaintiff,

  v.

ANNE E. KIRKPATRICK, et al.,

        Defendants.

CASE NO. C07-396RAJ

ORDER

This matter comes before the court on Defendants' summary judgment motion (Dkt. # 22). Neither party has requested oral argument, and the court finds the motion suitable for disposition on the basis of the parties' briefing and supporting evidence. Having considered this motion and all other filings related to the motion, the court GRANTS Defendants' motion (Dkt. # 22).

## I. FACTUAL BACKGROUND

Plaintiff Alton McDonald and Federal Way Police Officer Brigit Clary were each driving a car on the highway shortly after 5 a.m. on January 29, 2005. McDonald testified that he flashed his car's high-beam lights at Clary's car while driving closely behind her, claiming he did so because she was talking on her cellular phone and he wanted her to notice that she had cut him off. Edsel Decl. (Dkt. # 62), Ex. A-Part One at 26-27. Clary testified that, in addition to using his high-beam lights, McDonald also drove in a reckless manner – abruptly speeding up and slowing down – in an attempt to keep his car parallel to her car. *Id*., Ex. A-Part Two at 3-5. Clary then turned on her police siren to stop McDonald's car.

ORDER - 1

McDonald pulled over, but refused to get out of his car or talk to Clary, instead calling 911 because he suspected that the stop was racially motivated. McDonald is African-American. Defendants Lieutenant Edward Fadler and Officer Steve Olson arrived at the scene and McDonald was eventually arrested and taken into custody. McDonald complained to Defendant Officer Manuel Mairs at the jail that his handcuffs were too tight, but Mairs refused to adjust the handcuffs.

McDonald's car was searched incident to arrest and impounded, and he later challenged the impoundment. After a hearing, the court found that the impoundment was proper. McDonald was initially charged with reckless driving. This criminal charge was reduced to an infraction for failing to dim headlights, and McDonald was found to have committed the infraction.

McDonald sued Clary, Fadler, Olson, and Mairs, and former Federal Way Chief of Police Anne Kirkpatrick, alleging that Defendants are liable under 42 U.S.C. § 1983 for five violations of McDonald's constitutional rights. Defendants have moved for summary judgment on all of McDonald's claims.

## II. ANALYSIS

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A defendant may show that no genuine issue of material fact exists by either (1) submitting summary judgment evidence that negates the existence of a material element of the plaintiff's claim, or (2) showing there is no evidence to support an essential element of the plaintiff's claim. *Celotex*, 477 U.S. at 322-25.

Defendants seek summary judgment on all five of McDonald's Section 1983 claims. A plaintiff may bring a claim under Section 1983 to redress violations of his or her "rights, privileges, or immunities secured by the Constitution or [federal] laws" by a person or entity acting under the color of state law. 42 U.S.C. § 1983; *Awabdy v. City of*

ORDER - 2

*Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). The elements of a Section 1983 claim are that (1) the plaintiff held a constitutionally protected right, (2) the plaintiff was deprived of that right in violation of the Constitution, (3) the defendants intentionally caused the deprivation, and (4) the defendants acted under color of state law. *Schertz v. Waupaca County*, 875 F.2d 578, 581 (7th Cir. 1989). The court will analyze each of McDonald's Section 1983 claims to determine whether Defendants are entitled to summary judgment.

**2. McDonald's Section 1983 claims related to his arrest fail as a matter of law because the arrest was supported by probable cause.**

McDonald alleges that his arrest and the subsequent search and impoundment of his car violated his constitutional rights (1) to be free from unreasonable arrest, (2) to be free from illegal search and seizure, and (3) to travel and free association.[1] Defendants argue that because a prior court has already determined that the arrest was supported by probable cause, all of McDonald's claims predicated on the arrest fail as a matter of law.

When a plaintiff has had a full and fair opportunity to challenge a probable cause determination in a prior proceeding, he or she may be collaterally estopped from subsequently challenging the propriety of the arrest under Section 1983. *See Schertz*, 875 F.2d at 582. Collateral estoppel applies if (1) the issue decided in the prior adjudication is identical to the one presented in the current action, (2) the prior adjudication resulted in a final judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication, and (4) precluding

---

[1] McDonald alleges that his rights to travel and free association were violated because he was arrested and his car was impounded, preventing him from driving and keeping appointments. These are not the types of activities protected by the constitutional rights to travel and free association. *See Miller v. Reed*, 176 F.3d 1202, 1206 (9th Cir. 1999) (stating that the right to travel does not imply a fundamental right to drive); *Dallas v. Stanglin*, 490 U.S. 19, 25 (1989) (holding that the constitutional right to free association does not include a generalized right to social association). Because McDonald has not shown that his constitutional rights to travel or free association were violated due to the arrest or impound, he has failed to state a valid Section 1983 claim. *See Schertz*, 875 F.2d at 581.

ORDER - 3

relitigation of the issue does not work an injustice on the estopped party. *Clark v. Baines*, 150 Wn.2d 905, 913 (2004).

McDonald claims that he is not barred from challenging his arrest because the issue to be decided at the impoundment hearing (whether the impoundment was lawful) is not the same as the issue presented in this case (whether the arrest was violated his constitutional rights). It is true that the ultimate issues to be determined in the two proceedings are different, but the impoundment court did make a determination that McDonald's arrest was supported by probable cause to support the arrest.

At his impound hearing, McDonald challenged the propriety of the impound on the ground that his arrest was unlawful because it was entirely motivated by racial discrimination. Edsel Decl., Ex. A-Part Two at 62. After hearing testimony from McDonald and Clary, however, the court found that probable cause existed to support the arrest based on Clary's observations of McDonald's driving. Edsel Decl., Ex. A-Part Two at 66. Police officers may impound a driver's vehicle "whenever the driver of a vehicle is arrested and taken into custody by a police officer." RCW 46.55.113(2)(d). The impound court considered whether the arrest was supported by probable cause in order to determine whether the impoundment was statutorily proper.

A copy of the municipal court's docket shows that probable cause was also established at McDonald's arraignment hearing, weeks before the impound hearing. *See* Christensen Decl. at 27, 31-32. McDonald has not shown or even alleged that he did not have a full and fair opportunity to challenge any of these probable cause determinations made by the municipal court.[2] In this court, McDonald has not challenged the existence of probable cause, but has simply alleged that the Defendants were motivated to arrest him because of racial discrimination. But an arrest does not violate the Constitution when

---

[2] McDonald has moved for sanctions, claiming that Defendants' contention that probable cause was already determined is frivolous. Because the court finds that the municipal court did make a probable cause determination, the motion for sanctions (Dkt. # 58) is DENIED.

ORDER - 4

it is supported by probable cause, however, regardless of the motivations of the arresting officers. *Schertz*, 875 F.2d at 582; *see also Whren v. United States*, 517 U.S.806 (1996).

Because the municipal court found that probable cause supported McDonald's arrest, McDonald cannot relitigate the propriety of his arrest in this Section 1983 action. Because his arrest was supported by probable cause and therefore lawful, the police were entitled to search and impound McDonald's car. *See United States v. Mayo*, 394 F.3d 1271, 1277-78 (9th Cir. 2005) (holding that police may conduct a search of the entire passenger compartment of a vehicle, as well as any containers within it, as an incident to the arrest of one of the vehicle's occupants); RCW 46.55.113(2)(d) (police may impound a car if the driver has been arrested and taken into custody).

McDonald has not shown that Defendants violated any of his constitutional rights in arresting him or searching and seizing his car. Accordingly, his three Section 1983 claims related to his arrest and the seizure of his car must be dismissed.

### 3. McDonald's Section 1983 excessive-force claim fails as a matter of law because he has not shown that he suffered serious injuries from the handcuffs.

McDonald next claims that his constitutional rights were violated when Mairs handcuffed him using unreasonable force. McDonald contends his wrists and hands were injured as a result of the officer's tight handcuffing.

Allegations of painful handcuffing, without offering evidence showing a more permanent injury, are insufficient to support an excessive force claim. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) (affirming summary judgment dismissal of excessive-force claim because plaintiff did not submit medical records showing she had suffered an actual injury as a result of being handcuffed) (citing *Foster v. Metro. Airports Comm'n*, 914 F.2d 1076, 1082 (8th Cir. 1990)); *Rodriguez v. Farrell*, 280 F.3d 1341, 1351-53 (11th Cir. 2002) (describing non-excessive handcuffing technique as that which "ordinarily would be painful but cause minimal injury").

McDonald's hands and wrists were photographed at the jail after he complained of pain from the handcuffs. The photos show indentation on McDonald's wrists from the

ORDER - 5

1 handcuffs, but he has not shown that these effects were lasting or serious.  Furthermore,
2 he has not offered any evidence showing that he sought medical treatment regarding
3 injuries from the handcuffs.  McDonald's allegations of pain, unsupported by any
4 evidence of a more permanent or serious injury, are insufficient to support his Section
5 1983 claim for excessive force.

**4. McDonald's Section 1983 claim based on spoliation of evidence fails as a matter of law because he has not shown that any exculpatory evidence was altered, concealed, or destroyed.**

McDonald claims that Defendants violated his constitutional right to a fair trial by "altering, concealing, or destroying evidence, including exculpatory evidence." Complaint at § 68.  McDonald alleges Defendants failed to produce (1) a recording of the arrest from a camera in Clary's police car, (2) Clary's cellular phone records for the time period before the arrest, and (3) radio communications between Defendants.

Due process requires that the prosecution preserve evidence that "possess[es] an exculpatory value that was apparent before the evidence was destroyed and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *California v. Trombetta*, 467 U.S. 479, 489 (1984).  The prosecution has a duty to preserve exculpatory and material evidence, but does not, in the absence of bad faith, have a duty to find or seek such evidence. *Miller v. Vasquez*, 868 F.2d 1116, 1119 (9th Cir. 1989).

None of the evidence McDonald identifies as the basis for his spoliation claim is both exculpatory and material.  The first piece of evidence, a video recording of the arrest – if it existed – could have been exculpatory and material, but McDonald has not identified any obligation on the part of Defendants to make such a recording.  Clary testified that the camera in her police car was inoperative, and McDonald has not argued that the Defendants failed to record the arrest in bad faith.  Therefore, Defendants' failure to record the arrest does not violate McDonald's right to due process. *See Miller*, 868 F.2d at 1119-20.

ORDER - 6

McDonald has also failed to show that the second and third pieces of evidence, Clary's private phone records and radio communications between the Defendants, were either exculpatory or material. It is not apparent that either piece of evidence would be exculpatory, and McDonald has not shown that he has been unable to obtain this evidence. The municipal court docket, in fact, suggests that the court granted McDonald's motion to subpoena Clary's phone company directly to obtain the records. Christensen Decl. at 34. McDonald also admits that Defendants produced the radio evidence in their possession, and to the extent that he is alleging that other communications should have been recorded, he has not shown that Defendants were obligated to make such a recording. *See Miller*, 868 F.2d at 1119-20. Because McDonald has failed to establish that Defendants altered, concealed, or destroyed exculpatory evidence, his Section 1983 claim based on evidence spoliation must be dismissed.

## IV. CONCLUSION

Because McDonald has failed to show that Defendants violated any of his constitutional rights, Defendants are not subject to liability under 42 U.S.C. § 1983 and Defendants are entitled to judgment as a matter of law. IT IS HEREBY ORDERED that Defendants' summary judgment motion (Dkt. # 22) is GRANTED and McDonald's motion for sanctions (Dkt. # 58) is DENIED. The court directs the clerk to enter judgment for Defendants.

Dated this 27th day of February, 2008.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER - 7