1
2
3
4
5
6          UNITED STATES DISTRICT COURT
7        WESTERN DISTRICT OF WASHINGTON
                   AT SEATTLE
8
_____ )
9  ALTON McDONALD,               )        No. C07-0396RAJ
                                 )
10              Plaintiff,        )
        v.                       )        ORDER
11                               )
   ANNE E. KIRKPATRICK, *et al.*, )
12                               )
                Defendants.      )
13 _____ )

14
15        This matter comes before the Court under Local General Rule 8(c).  Plaintiff has

16  filed a "Motion for Recusal and Disqualification" in the above-captioned matter.  Dkt. # 80.

17  The Honorable Richard A. Jones, United States District Judge, declined to recuse himself

    voluntarily and the matter was referred to the Chief Judge.  Dkt. # 88.  Plaintiff's motion is
18
    therefore ripe for review by this Court.
19
          Section 455 of title 28 of the United States Code governs the disqualification of a
20
    district judge.  It states in relevant part:  "Any justice, judge, or magistrate judge of the United
21
    States shall disqualify himself in any proceeding in which his impartiality might reasonably be
22
    questioned."  Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:
23
24        Whenever a party to any proceeding in a district court makes and files a timely and
          sufficient affidavit that the judge before whom the matter is pending has a personal
25        bias or prejudice either against him or in favor of any adverse party, such judge
          shall proceed no further therein, but another judge shall be assigned to hear such
26        proceeding. The affidavit shall state the facts and the reasons for the belief that
          bias or prejudice exists.

ORDER

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993). A litigant cannot, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).[1]

Plaintiff argues that Judge Jones' grant of summary judgment in favor of defendants, his denial of plaintiff's motions to expedite and/or extend time, and the Clerk's entry of judgment were improper, were inconsistent with the evidence before him, and reflect bias against plaintiff, his counsel, and/or all poor minority litigants. As a threshold matter, the Court must determine whether this motion for recusal is timely. Although the governing statutes contain no explicit requirement of timeliness, "[i]t is well established that a motion to disqualify or recuse a judge under 28 U.S.C. § 144 [as well as] ... § 455 must be made in a timely fashion." Molina v. Rison, 886 F.2d 1124, 1131 (9th Cir. 1989). Recusal motions must be lodged in a timely fashion because allowing litigants to delay raising allegations of bias would result in a waste of judicial time and resources (see In re International Business Machines Corp., 618 F.2d 923, 933 (2d Cir. 1980)) and a heightened risk that litigants would use recusal motions for strategic purposes (see Ex Parte American Steel Barrel Co. and Seaman, 230 U.S. 35, 44 (1913)).

Plaintiff filed this motion to recuse only after Judge Jones entered a dispositive order in this matter. The risk that plaintiff is using an allegation of bias to overturn a decision on the merits is therefore considerable: in effect, plaintiff is seeking to remove Judge Jones from

---

[1] Objections to a judge's decisions are properly raised through an appeal, not a motion to recuse.

this case because of his performance while presiding over this matter.  Because a judge's conduct in the context of pending judicial proceedings does not constitute the requisite bias under § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties as the presiding judicial officer, bias is almost never established simply because the judge issued an adverse ruling.

In order to overcome this presumption, plaintiff has asserted that (a) Judge Jones' decisions and the entry of judgment were so irrational that they must be the result of prejudice, (b) similarly-situated plaintiffs have obtained unfavorable results when appearing before Judge Jones, and (c) an on-going investigation in which plaintiff and his counsel are involved gave rise to bias.  Having reviewed the record in the above-captioned matter, the Court finds that plaintiff's allegations are baseless and do not support his request for recusal.  Judge Jones' summary judgment and case management orders reflect the reasonable resolution of the issues before him based on the documents provided.  Plaintiff has identified no error of law or fact, much less a determination that was so outlandish as to give rise to an inference of bias.  As for the Clerk's entry of judgment on the same day that summary judgment was granted, such entry is consistent with the standard practice in this district and in no way conflicts with or is precluded by the Federal Rules of Civil Procedure.

Nor does the allegation that Judge Jones has ruled against poor minority litigants in the past suggest partiality or bias.  Plaintiff offers no specifics in support of this allegation: no case citations, details, or examples are provided.  Assuming that Judge Jones has in the past ruled against a minority plaintiff (a not unreasonable assumption given his many years on the bench), there is no reason to suspect that such rulings were based on anything other than the

ORDER                                          -3-

merits of the cases before him.  Decisions based on the merits generally cannot support a recusal motion (Studley, 783 F.2d at 939), and counsel's sensational and wholly unsupported allegations of a pervading bias are insufficient to warrant removal.

Finally, plaintiff asserts that Judge Jones is biased against him because his counsel's law firm has been investigating allegations of corruption and judicial misconduct against Judge Jones.  There is no evidence that Judge Jones was aware of the alleged investigation when he issued the contested rulings:  in fact, counsel acknowledges that even he was unaware of (or had forgotten) his firm's activities until approximately March 10, 2008, almost two weeks after this matter was closed.  Dkt. # 82 at ¶ 4.  The document plaintiff relies upon as evidence that Judge Jones knew that he was the subject of an investigation (see Dkt. # 82 at ¶ 11 (citing Dkt. # 62)) does not support that proposition:  to the contrary, Dkt. # 62 identifies the targets of the investigation as defendants, their employers, their attorneys, a former Texas Attorney General,  Dallas police officers, a Multnomah County sheriff, an Oregon police officer, and a Clark County prosecuting attorney.  Counsel's speculation that Judge Jones must have known that he was a target of the investigation because another judge was under investigation (Dkt. # 82 at ¶ 12) is not only unconvincing, it is also irrational.[2]

---

[2]  To the extent that plaintiff is attempting to initiate or reinvigorate a dormant investigation in order to create the appearance of bias following Judge Jones' unfavorable rulings, he cannot be permitted to succeed.   A judge is not automatically disqualified under either 28 U.S.C. § 455 or 28 U.S.C. § 144 merely because a litigant sues or threatens to sue him or hurls intemperate or scurrilous attacks at the judge.  Studley, 783 F.2d at 939-40; United States v. Pryor, 960 F.2d 1, 3 (1st Cir. 1992); United States v. Grismore, 564 F.2d 929, 933 (10th Cir. 1977).  Otherwise, litigants could obtain a new judge simply by generating a "conflict" once they determine that the presiding officer disagrees with their view of the facts or law.

Having reviewed plaintiff's motion and the remainder of the record, the Court finds that Judge Jones' impartiality cannot reasonably be questioned.  There being no evidence of bias or prejudice, plaintiff's request to remove Judge Jones from this matter is DENIED.

Dated this 24th day of March, 2008.

Robert S. Lasnik
Chief Judge, United States District Court

ORDER                                           -5-